UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

JENNIFER FIGUEROA,

    Plaintiff,
v.

DMO COLLABORATIVE INC.,
a Florida corporation, and
DAVID OLSON individually,

    Defendants.
_____/

## COMPLAINT

COMES NOW, Plaintiff, JENNIFER FIGUEROA, by and through her undersigned attorney, and hereby sues Defendants, DMO COLLBORATIVE, INC. ("DMO"), a Florida corporation, and DAVID OLSON ("OLSON", together with DMO, "DEFENDANTS"), and alleges:

## PARTIES, JURISDICTION, AND VENUE

1. This is an action to recover money damages for unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. Plaintiff is a resident of Miami-Dade County, Florida.

3. Defendant, DMO COLLABORATIVE, INC. ("DMO"), is a Florida corporation, which at all times material hereto, was doing business in Miami-Dade County, Florida, where Plaintiff was employed, and at all times material hereto was and is engaged in interstate commerce.

4. The individual Defendant, DAVID OLSON, is an "employer," as defined in 29 U.S.C. § 203(d), as he had operational control over the Defendant corporation DMO, and was directly involved in decisions affecting employees' compensation and hours worked by

employees, such as the Plaintiff. Moreover, Olson controlled the purse strings for the Defendant corporate entity DMO.

5. This action is brought by Plaintiff to recover from Defendants unpaid overtime wages, as well as an additional amount as liquidated damages, costs and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.

6. FLSA coverage is triggered because DMO is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, DMO operates as an organization which sells and/or markets its services and/or goods and/or materials to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of numerous other States, and DMO obtains and solicit funds from non-Florida sources, accept funds from non-Florida sources, use telephonic transmissions going over State lines to do its business, transmit funds outside the State of Florida, and otherwise regularly engage in interstate commerce, particularly with respect to its employees.

7. Upon information and belief, the annual gross revenue of DMO was at all times material hereto in excess of $500,000.00 per annum, and two or more employees handled goods or materials that moved in the stream of commerce on a frequent and recurrent basis, and/or Plaintiff, by virtue of working in interstate commerce, otherwise satisfies the FLSA's requirements.

8. Plaintiff regularly and on a recurring basis utilized and handled equipment, goods or materials manufactured and purchased from outside the State of Florida, or which originate

from places outside the State of Florida, and regularly used the instrumentalities of interstate commerce in her work.

9. DMO was, and is, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in 29 U.S.C. §§ 203(r) and 203(s) and/or Plaintiff is within interstate commerce.

## FACTS

10. Plaintiff began working for Defendants on September 27, 2021.

11. DMO is in the business of web, brand, and digital marketing. Plaintiff was employed by Defendants as a Team Administrator.

12. Pursuant to the terms of Plaintiff's Employment Agreement, Plaintiff's job responsibilities were:

  (1) Personal Assistant to Managing Partner (Olson)
  (2) Team Administrator supporting the broader organization (DMO)
  (3) Junior Project Manager supporting a variety of client workflow tasks, including assisting in social media management, graphic design, presentations.
  (4) Assisting in prospecting and setting up discovery calls for Managing Partner and other sales staff.

13. Plaintiff was employed by Defendants as a team administrator, first as an hourly employee and then as a purported salaried employee from approximately September 27, 2021 through February 28, 2022.

14. From September 27, 2021, through February 4, 2022, pursuant to the terms of her Employment Agreement, Plaintiff was paid $16 per hour for 40 hours per week, for a total of $33,280 annually.

000002/01409485_1

15. Pursuant to the Employment Agreement, Plaintiff's work hours were Monday through Friday, 9:00 a.m. to 6:00 p.m. with a one-hour lunch break each day.

16. From February 4, 2022, through February 28, 2022, Plaintiff's salary was raised to $40,000 annually, approximately $19.23 per hour.

17. During Plaintiff's employment with Defendants, Plaintiff regularly and routinely worked more than 40 hours per week while performing services for Defendants as a team administrator.

18. In fact, when employed by Defendants, Plaintiff worked approximately 5 to 6 days a week and her hours varied weekly. Plaintiff estimates as a matter of just and reasonable inference that between September 2021 through February 2022, she worked an average of 50 hours per week. Plaintiff reserves the right to amend her estimates of hours worked once she reviews Defendants' records.

19. Plaintiff was not paid at least one-and-one-half times her regular rate for all overtime hours worked for Defendants.

20. Plaintiff was not paid premium overtime wages for all hours she worked beyond 40 in a single workweek.

21. Plaintiff's job duties as a team administrator did not rise to the level of any exemptions or exceptions recognized by the FLSA. Plaintiff did not create financial budgets. Plaintiff did not create corporate policy. Plaintiff did not determine the salaries of any employees. Plaintiff did not have the authority to enter into agreements on behalf of Defendants. Instead, Plaintiff performed administrative and clerical work assisting the managing partner and other staff

for purposes of trying to sell Defendants' product.

22. Defendants were aware that Plaintiff's actual job duties and responsibilities did not cause Plaintiff to be an exempt employee under the FLSA.

23. Plaintiff desired to be paid for all hours she spent working, including overtime hours.

24. Defendants were aware that Plaintiff worked more than 40 hours in a single work week but refused, failed, or neglected to compensate Plaintiff at the appropriate overtime rate.

25. Specifically, Defendants did not compensate Plaintiff at a rate of at least one-and-one half times her regular rate in order to extract additional work from Plaintiff without compensating Plaintiff for the additional work.

26. Instead of paying overtime wages, Defendants circumvented the FLSA by failing to pay Plaintiff overtime wages, even though Plaintiff habitually worked up to 50 hours per week or more.

27. As of the date of this filing, Plaintiff has still not been paid the entirety of her wages and has not been compensated for the full extent of her damages and wage loss under the FLSA.

28. Plaintiff seeks full compensation, including liquidated damages, because Defendants' illegal conduct was a calculated attempt to extract additional work from Plaintiff to benefit Defendants.

29. Plaintiff has retained the undersigned law offices to represent her in this action.

30. All conditions precedent to the claims below have occurred, been satisfied, or have been waived.

## COUNT I – UNPAID OVERTIME WAGES
(as to DMO COLABORATIVE, INC.)

31. Plaintiff reincorporates and re-alleges Paragraphs 1 through 30 as though fully set forth herein.

32. DMO is in the business of web, brand, and digital marketing. Plaintiff was responsible for administrative and clerical work assisting the managing partner and other staff for purposes of trying to sell Defendants' product. Plaintiff worked for DMO from approximately September 2021 through February 2022. Plaintiff worked an average of 50 hours per week and was paid between $16 and $19.33 an hour.

33. Plaintiff worked in excess of 40 hours per week during her employment with DMO. At no time throughout her employment was Plaintiff ever paid the overtime rate of time-and-one-half the overtime hours she worked in excess of 40 hours per week. Plaintiff is entitled to be paid overtime wages at a rate of time-and-a-half the regular rate as required by the FLSA. Plaintiff requires obtaining the necessary records and information to determine the amount of overtime wages owed in this case.

34. At all times material hereto, DMO failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq*. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by DMO to properly pay her at the rate of time-and-one-half for all hours worked in excess of 40 per workweek, as provided in the FLSA.

35. DMO knew about, and showed reckless disregard for, the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act, including

000002/01409485_1

6

but not limited to the following ways:

 (a) DMO failed to keep adequate time records as required by the FLSA;
 (b) DMO never paid Plaintiff the overtime rate, in violation of the FLSA;
 (c) When Plaintiff regularly worked beyond her 40 hours a week, she was paid her regular hourly rate.

36. DMO had knowledge that Plaintiff worked over 40 hours weekly, yet DMO knowingly failed to pay her the required overtime rate, in violation of the FLSA.

37. DMO knew or should have known that any hours exceeding 40 hours weekly were required to be paid at a rate of time-and-one-half.

WHEREFORE, Plaintiff, JENNIFER FIGUEROA, demands judgment against DMO COLLABORATIVE, INC., compensatory and liquidated damages in an amount to be proven at the time of trial, or as much as allowed by the Fair Labor Standards Act, whichever is greater, plus applicable interest and other contractual charges, reasonable attorneys' fees and costs and for such other relief as this Court deems appropriate.

## COUNT II – UNPAID OVERTIME WAGES
(as to DAVID OLSON)

38. Plaintiff reincorporates and re-alleges Paragraphs 1 through 30 as though fully set forth herein.

39. The individual Defendant, DAVID OLSON, has operational control over DMO, and was directly involved in decisions affecting employee compensation and hours worked by employees, such as Plaintiff. He also managed DMO and supervised employees, including Plaintiff.

40. Plaintiff worked for OLSON from approximately September 2021 through

000002/01409485_1

February 2022. Plaintiff worked an average of 50 hours per week and was paid between $16 and $19.33 an hour.

41. Plaintiff worked in excess of forty 40 hours per week during her employment with OLSON. At no time throughout her employment was Plaintiff ever paid the overtime rate of time-and-one-half the overtime hours she worked in excess of 40 hours per week. Plaintiff is entitled to be paid overtime wages at a rate of time-and-a-half the regular rate as required by the FLSA. Plaintiff requires obtaining the necessary records and information to determine the amount of overtime wages owed in this case.

42. At all times material hereto, OLSON failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq*. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by OLSON to properly pay her at the rate of time-and-one-half for all hours worked in excess of 40 hours per workweek, as provided in the FLSA.

43. OLSON knew about, and showed reckless disregard for, the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act, including but not limited to the following ways:

   (a) OLSON failed to keep adequate time records as required by the FLSA;
   (b) OLSON never paid Plaintiff the overtime rate, in violation of the FLSA;
   (c) When Plaintiff regularly worked beyond her 40 hours a week, she was paid her regular hourly rate.

44. OLSON had knowledge that Plaintiff worked over 40 hours weekly, yet OLSON knowingly failed to pay her the required overtime rate, in violation of the FLSA.

45. OLSON knew or should have known that any hours exceeding 40 hours weekly

000002/01409485_1

8

were required to be paid at a rate of time-and-one-half.

WHEREFORE, Plaintiff, JENNIFER FIGUEROA, demands judgment against DAVID OLSON, compensatory and liquidated damages in an amount to be proven at the time of trial, or as much as allowed by the Fair Labor Standards Act, whichever is greater, plus applicable interest and other contractual charges, reasonable attorneys' fees and costs and for such other relief as this Court deems appropriate.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: August 23, 2022

        **KOPELOWITZ OSTROW**
        **FERGUSON WEISELBERG GILBERT**
        *Attorneys for Plaintiff*
        One West Las Olas Blvd, Suite 500
        Fort Lauderdale, FL 33301
        Tel.: (954) 525-4100

By: */s/ Benjamin R. Muschel*
    BRIAN R. KOPELOWITZ
    Fla. Bar No.: 097225
    kopelowitz@kolawyers.com
    BENJAMIN R. MUSCHEL
    Florida Bar No. 119305
    muschel@kolawyers.com